County of Allegheny *v.* Allegheny Court Association of Professional Employees. Allegheny County, Appellant.

Allegheny Court Association of Professional Employees, Appellant *v.* County of Allegheny, Appellee.

Argued May 4, 1982, before President Judge CRUMLISH and Judges ROGERS, BLATT, CRAIG and MAC-PHAIL.

*Thomas H. M. Hough,* Assistant County Solicitor, with him *James H. McLean,* County Solicitor, for appellant, Allegheny County.

*Sandra R. Kushner,* with her *Louis B. Kushner, Rothman, Gordon, Foreman and Groudine, P.A.,* for appellee, Allegheny Court Association of Professional Employees.

OPINION BY JUDGE CRAIG, July 2, 1982:

The County of Allegheny and the Allegheny Court Association of Professional Employees (ACAPE),[1] as cross-petitioners, question a decision by the Court of Common Pleas of Allegheny County which reviewed an arbitration award rendered under Section 805 of the Public Employee Relations Act (PERA).[2] In a concise but comprehensive opinion, Judge STRANAHAN upheld most of the non-fiscal provisions of the proposed collective bargaining agreement between the county commissioners and ACAPE, but he classed as void certain sections which he found to be violative of the court's exclusive right to hire, discharge and supervise court personnel, citing *Ellenbogen v. County*

---

[1] The union represents all court-appointed employees of Allegheny County.

[2] Act of July 23, 1970, P.L. 563, *as amended,* 43 P.S. §1101.805 states:

Notwithstanding any other provisions of this act where representatives of units of guards at prisons or mental hospitals or units of employees directly involved with and necessary to the functioning of the courts of this Commonwealth have reached an impasse in collective bargaining and mediation as required in section 801 of this article has not resolved the dispute, *the impasse shall be submitted to a panel of arbitrators whose decision shall be final and binding upon both parties with a proviso that the decisions of the arbitrators which would require that legislative enactment to be effective shall be considered advisory only.* (Emphasis supplied.)

*of Allegheny,* 479 Pa. 429, 388 A.2d 730 (1978). The judge also ordered a hearing to resolve the issue of whether the fiscal matters set forth in the arbitration award required legislative enactment by the commissioners to implement, thus rendering them advisory only under Section 805 of the PERA; he held that the burden of establishing that fact must rest with the commissioners, *Franklin County Prison Board v. Pennsylvania Labor Relations Board,* 491 Pa. 50, 417 A.2d 1138 (1980).

ACAPE challenges the court's decision to give the commissioners an opportunity to prove that the fiscal matters in the arbitration award required legislative enactment to implement, and disagrees with the judge's interpretation of *Ellenbogen,* prohibiting any outside limitation of the court's authority to hire, discharge and supervise employees in the bargaining unit.

The county, on the other hand, contends that it has demonstrated that the commissioners met, considered and duly rejected the award, but that several additional articles of the proposed contract should be held invalid because they affect the judges' exclusive authority over hiring, termination and supervision of employees.

Following a thorough review of the record and the authorities cited, we affirm on the basis of the able reasoning of Judge STRANAHAN in his opinion below, *County of Allegheny v. Allegheny Court Association of Professional Employees,* Pa. D. & C.3d (1982).

Judge STRANAHAN's decision to allow the hearing was equitable in the face of the commissioners' resolution, which had simply labeled the award as requiring legislative enactment. Judicial consideration of the commissioners' contentions is needed to resolve the issue.

As to the *Ellenbogen* case, the Supreme Court clearly established a restriction upon the county officials' authority to act as managerial representatives for the judges, stemming from the necessity to prevent legislative interference "with judicial authority over court personnel, an essential element of the judicial function." 479 Pa. at 437, 388 A.2d at 734.

The sections which the County claims also infringe upon the judges' power to appoint, terminate and supervise its employees do not encompass those strictly limited but exclusive functions;[3] the four articles cited by the common pleas court are the only discretionary matters which directly affect the court's ability to ad-

---

[3] The county's brief states:

Implementation of the following articles, in whole or in part, requires the power to appoint, terminate and supervise the employees covered by the Arbitration Award.

Article I—Recognition
Article II—Grievance Procedure
Article III—Rights to Information
Article IV—Bulletin Board
Article V—Meet and Discuss Meetings
Article VI—Vacations
Article VII—Sick Leave
Article IX—Seniority
Article X—Non-Discrimination
Article XI—Retirement
Article XII—Suspension and Discharge
Article XIII—Jury Duty
Article XIV—Union Security
Article XV—Funeral Leave
Article XVII—Effect of Agreement
Article XVIII—Education Program
Article XIX—Legal Counsel
Article XX—Severability
Article XXII—Holidays
Article XXIII—Uninterrupted Operation and Continuous Service
Article XXIV—Scheduling, Overtime, Rest Periods

minister justice and guarantee independence.[4]  *Ellenbogen.*

Accordingly, we affirm.

ORDER

Now, July 2, 1982, the order of the Court of Common Pleas of Allegheny County, No. S.A. 642 of 1980, dated March 19, 1981, is affirmed.

---

[4] Article VI, paragraph 4 of the award, for example, states: The Court shall make vacation available in all fifty-two (52) weeks of the year. However, *the number of employees who may be on vacation during any particular week shall be determined by the Court.* (Emphasis supplied.)
The Seniority provisions, Article IX, attempted to establish which employees should be chosen for vacancies and layoffs. The Suspension and Discharge terms, Article XII, and the Scheduling and Overtime section in Article XXIV also are clearly within the court's exclusive rights to discharge and supervise court personnel.