Commonwealth of Pennsylvania, Petitioner *v.* Commonwealth of Pennsylvania, Pennsylvania Labor Relations Board, Respondent.

Argued February 3, 1983, before President Judge CRUMLISH, JR. and Judges WILLIAMS, JR. and DOYLE, sitting as a panel of three. Reargued January 31, 1984, before President Judge CRUMLISH, JR. and Judges ROGERS, WILLIAMS, JR., CRAIG, MACPHAIL, DOYLE and BARRY.

Frank A. Fisher, Jr., Assistant Counsel, with him, *John D. Raup*, Chief Counsel, for petitioner.

*Katheryn Speaker MacMett*, with her, *James L. Crawford* and *Anthony C. Busillo, II*, for respondent.

*James L. Cowden, Handler and Gerber, P.C.*, for intervenor.

332

OPINION BY PRESIDENT JUDGE CRUMLISH, JR., May 8, 1984:

The Commonwealth appeals a Pennsylvania Labor Relations Board order finding that Edinboro State College had committed an unfair labor practice in violation of Section 1201(a)(1) of the Public Employee Relations Act (PERA).[1] This Court vacated the Board's order and remanded the case.[2] We granted and heard reargument and now affirm.

Edinboro State College unilaterally changed the manner of assignment of summer employment for its faculty members in spite of the collective bargaining agreement's Article XX-F, which provides:

During the term of this Agreement assignments shall be made and compensation shall be paid in the same manner as has been the practice prior to the execution of this Agreement, unless changed by mutual agreement.

The Association of Pennsylvania State College and University Faculties filed an unfair practices charge with the Board and the Board determined that the change constituted an unfair labor practice violating Section 1201(a) of PERA.

The Commonwealth now argues that the Board erred in finding that it had breached its bargaining obligation, asserting that it was excused from collectively bargaining over the terms of summer employment by Article XXXV of the collective bargaining agreement, here denominated as a "waiver" or "zipper" clause. That article provides:

The parties acknowledge that this Agreement represents the results of collective negotiations

[1] Act of July 23, 1970, P.L. 563, *as amended*, 43 P.S. §1101.1201 (a)(1).

[2] *Commonwealth v. Pennsylvania Labor Relations Board*, 465 A.2d 116 (1983).

> between said parties conducted under and in accordance with the provisions of Act 195 and constitutes the entire agreement between the parties for the term of said Agreement or any extensions thereof. Each party waives his/her right to bargain collectively with the other with reference to any other subject, matter, issue or thing, whether specifically covered here or wholly omitted herefrom, whether or not said subject was mentioned or discussed during the negotiations preceding the execution of this Agreement.

We reject this contention because of the Board-enunciated rule approved by this Court in *Commonwealth v. Pennsylvania Labor Relations Board*, 74 Pa. Commonwealth Ct. 1, 459 A.2d 452 (1983). The rule is that "a union waiver of the right to bargain on mandatory subjects [of bargaining] during the term of an agreement will not be found in a boiler plate waiver clause alone." *Id*. at 11, 459 A.2d at 457.

There is no record evidence of the parties' intent in adopting the waiver clause. Absent such a specific intent, a boilerplate waiver clause by itself is insufficient to indicate a clear and conscious waiver by the union. *See Commonwealth v. Pennsylvania Labor Relations Board*, 78 Pa. Commonwealth Ct. 419, 424, 467 A.2d 1187, 1190 (1983). "Use of the clause as a sword by one seeking to impose unilateral changes without first bargaining is not favored." *Pennsylvania Labor Relations Board*, 74 Pa. Commonwealth Ct. at 11, 459 A.2d at 457. There is no dispute over what were the prior practices at each school. It is apparent by the language in Article XX-F of the collective bargaining agreement that any modification of this prior practice must be mutually agreed upon by the association and the college. Accordingly, we defer to the expertise of the Board and hold that the Board acted rea-

sonably in finding that Edinboro State College had committed an unfair labor practice in unilaterally changing the manner of assignment of summer employment for its faculty members.

Affirmed.

### ORDER

The Pennsylvania Labor Relations Board order in PERA-C-80-89-C, dated November 19, 1981, is hereby affirmed.