American Federation of State, County and Municipal Employees, District Council 84 etc., Petitioner *v.* Pennsylvania Labor Relations Board, Respondent.

Submitted on briefs January 31, 1984, to President Judge CRUMLISH, JR. and Judges ROGERS, WILLIAMS, JR., CRAIG, MACPHAIL, DOYLE and BARRY.

*Alaine S. Williams, Kirschner, Walters, Willig, Weinberg & Dempsey,* for petitioner.

*James L. Crawford,* with him, *Ellis H. Katz,* for respondent.

*James H. McLean,* County Solicitor, with him, *Thomas H. M. Hough,* Assistant County Solicitor, for intervenor, County of Allegheny.

OPINION BY PRESIDENT JUDGE CRUMLISH, JR., July 11, 1984:

The American Federation of State, County and Municipal Employees (AFSCME) and Allegheny County cross-appeal a Pennsylvania Labor Relations Board (PLRB) order. We affirm in part and reverse in part.

AFSCME filed an unfair practice charge with the PLRB, alleging the County had refused to bargain in good faith for court-appointed and court-related employees[1] and thus violated Section 1201(a)(1) and (5) of the Public Employe Relations Act (Act), Act of July 23, 1970, P.L. 563, *as amended,* 43 P.S. §1101.1201 (a)(1) and (5).[2] The PLRB dismissed AFSCME's charges.[3] This Court[4] vacated the PLRB's order and remanded the case[5] to the PLRB for further proceedings, including an evidentiary hearing. The PLRB hearing examiner determined that the County had violated Sections 1201(a)(1) and (5) of the Act by refusing to bargain over provisions in AFSCME's proposals concerning sick leave, funeral leave, jury duty, and shift differential but had not violated the

---

[1] "Court-appointed employees" refers to those employees who are hired, fired and directed by a common pleas court. "Court-related employees" refers to employees who are other elected county officials in county row offices.

[2] Section 1201(a)(1) and (5) of PERA provides:

Public employers, their agents or representatives are prohibited from:

(1) Interfering, restraining or coercing employes in the exercise of the rights guaranteed in Article IV of the Act.

. . . .

(5) Refusing to bargain collectively in good faith with an employe representative which is the exclusive representative of employes in an appropriate unit, including but not limited to the discussing of grievances with the exclusive representative.

[3] Initially, the PLRB Secretary dismissed AFSCME's charges. PLRB heard oral arguments on AFSCME's exceptions and affirmed its Secretary's dismissal.

[4] AFSCME filed a petition for review in the common pleas court and requested the Supreme Court to assume jurisdiction over the appeal. The Supreme Court transferred the appeal to this Court on May 19, 1981.

[5] 62 Pa. Commonwealth Ct. 548, 437 A.2d 468 (1981).

Act by refusing to bargain over scheduling, seniority, holidays, vacations, discipline, and meal and break periods. We dismiss all unfair practice charges against the County and hold that all the above proposals are within the Court's exclusive authority to bargain.

. The courts of this Commonwealth under our Constitution have certain inherent rights and powers to do all such things as are reasonably necessary for the administration of justice. *Sweet v. Pennsylvania Labor Relations Board,* 457 Pa. 456, 462, 322 A.2d 362, 365 (1974). Consistent with the constitutional doctrine of separation of powers, the courts' powers may not be policed, encroached upon, or diminished by another branch of government. *Eshelman v. Commissioners of the County of Berks,* 62 Pa. Commonwealth Ct. 310, 314, 436 A.2d 710, 712 (1981), *aff'd,* 502 Pa. 430, 466 A.2d 1029 (1983).

Under the Act, the County Commissioners are the exclusive managerial representatives for the courts in collective bargaining involving court personnel paid from county funds. *Ellenbogen v. County of Allegheny,* 479 Pa. 429, 438, 388 A.2d 730, 735 (1978). While the Act provides for collective bargaining in the resolution of matters involving wages and other financial terms of employment, the collective bargaining process must not infringe upon the judges' authority to select, discharge and supervise Court personnel. *Commonwealth ex rel. Bradley v. Pennsylvania Labor Relations Board,* 479 Pa. 440, 388 A.2d 736 (1978). If bargaining results pose a genuine threat to the judicial function, nothing in the Act nor in case law precludes the judiciary from taking steps reasonably necessary to assure the independence of the judicial branch. *Ellenbogen* at 438, 388 A.2d at 735. Therefore, a reasonable relationship must exist

between the right of the court employees and the duty to properly administer the courts.

The sole issue in this case is whether the PLRB committed an error of law[6] in determining what matters are within the County Commissioners' authority to bargain. With regard to the topics which the PLRB determined to be under the court's authority to bargain, this issue was resolved by our Court in *County of Allegheny v. Allegheny Court Association of Professional Employees,* 67 Pa. Commonwealth Ct. 277, 446 A.2d 1370 (1982). In affirming the common pleas court opinion, this Court held that vacations, seniority, suspension and discharge, and scheduling, overtime and rest periods are matters which directly affect the court's ability to administer justice and guarantee independence. *County of Allegheny,* 67 Pa. Commonwealth Ct. at 280-81, 446 A.2d at 1372. Our Court has decided that a provision concerning discipline will interfere with the constitutional power of the judges to select, discharge, and supervise judicial employees. *See Eshelman.* It is also clear that a holiday provision will affect the judges' desire to conduct judicial business on certain specified dates. We therefore hold that the PLRB was reasonable in concluding that the County Commissioners had not violated the Act by refusing to bargain over scheduling, seniority, holidays, vacations, discipline and meal and break periods.

With regard to the topics which the PLRB determined to be under the County Commissioners' authority to bargain, it contends that the *County of Allegheny* case implies that sick leave, jury duty,

---

[6] Our scope of review is to determine whether the PLRB's conclusions are reasonable and not arbitrary, capricious or illegal. *Richland School District v. Pennsylvania Labor Relations Board,* 71 Pa. Commonwealth Ct. 45, 53, 454 A.2d 649, 652 (1983).

funeral leave and shift differential are not *per se* matters within the exclusive authority of the judges. We disagree. Our Opinion and the common pleas court opinion[7] in *County of Allegheny* did not discuss these topics on their own merit. Therefore, our affirmation did not directly answer whether these items should be in the County Commissioners' scope of bargaining. It is apparent that the proposals concerning these topics would affect the judges' power of decision as to when an employee will be working, or released or excused from performing his or her services for the court. This would curtail a judge's supervisory power over the court personnel's daily performance.

We hold that the PLRB committed an error of law in determining that the County had violated the Act by refusing to bargain over the provisions concerning sick leave, funeral leave, jury duty, and shift differential.

Affirmed in part; reversed in part.

ORDER

The order of the Pennsylvania Labor Relations Board dated February 9, 1983, No. PERA-C-80-753-W, is hereby affirmed in part and reversed in part.

---

[7] 22 Pa. D. & C.3d 166 (1981).

---

CONCURRING AND DISSENTING OPINION BY JUDGE DOYLE:

I concur with the result reached in the majority opinion with regard to the topics of employee scheduling, seniority, holidays, vacations, discipline, and meal and break periods, on the basis of *Allegheny County v. Allegheny Court Association of Professional Employees,* 67 Pa. Commonwealth Ct. 277, 446

A.2d 1370 (1982). I must disagree, however, and dissent from the majority holding that the topics of sick leave, funeral leave, jury duty and shift differential are *per se* topics which are beyond the authority of the County Commissioners to bargain over. The very reason the case at bar was remanded previously was to determine what specific aspects of employment and what definitive terms were included in the broad topical heading and broad characterization of activity outlined in the bargaining agreement here subject to our review. *American Federation of State, County and Municipal Employees v. Pennsylvania Labor Relations Board (AFSCME I)*, 62 Pa. Commonwealth Ct. 548, 437 A.2d 468 (1981). In remanding we held that we could not properly perform our appellate review if that review was based solely upon a refusal to negotiate simply by category of the subject matter. We stated that "an unwillingness to negotiate provisions of a collective bargaining agreement which, if given effect, would infringe upon the exclusive authority of the judges to select, discharge and supervise their employees, is not an unfair labor practice." *Id.* at 554, 437 A.2d at 471-72. But we *also* held that it was error for the Pennsylvania Labor Relations Board to reject the contentions of the American Federation of State, County and Municipal Employees that matters *other than* the selection, discharge and supervision of Court personnel were in issue, and subsumed or included within those broad categories, without inquiry regarding whether such was, in fact, the case. The majority would contradict that holding by now declaring that the topics of sick leave, funeral leave, jury duty and shift differential are *per se,* as a matter of law, outside the scope of the Commissioners' authority. This result is not compelled by *Allegheny County* and contradicts *AFSCME I.*

Under the standard now set down by the majority, even such a mundane matter as a pay differential because of a difference in shift would be of such magnitude and consequence that it would impermissibly inhibit the Court and "curtail a judge's supervisory power over the court personnel's daily performance." (Maj. Op. at 4.)

I must, therefore, dissent.