Council 13, American Federation of State, County and Municipal Employees, AFL-CIO, etc., Petitioner v. Commonwealth of Pennsylvania, Pennsylvania Labor Relations Board, Respondent.

Joint Bargaining Committee of the Pennsylvania Social Services Union et al., Petitioners v. Commonwealth of Pennsylvania, Pennsylvania Labor Relations Board, Respondent.

Argued April 3, 1984, before President Judge CRUMLISH, JR. and Judges ROGERS, MACPHAIL, DOYLE, BARRY, COLINS and PALLADINO.

*Alaine S. Williams,* with her, *Richard Kirschner, Kirschner, Walters, Willig, Weinberg & Dempsey,* for petitioner, Council 13, American Federation of State, County and Municipal Employees, AFL-CIO.

*Bruce M. Ludwig, Stephen A. Sheller & Associates,* for petitioners, The Joint Bargaining Committee, etc., and the Pennsylvania Social Services Union.

*Kathryn Speaker McNett,* with her, *James L. Crawford* and *Frayda Kamber,* for respondent.

*John D. Raup,* Chief Counsel, with him, *Frank P. Clark,* Assistant Counsel, for intervenor, Commonwealth of Pennsylvania, Office of Administration.

OPINION BY JUDGE BARRY, August 14, 1984:

This is a consolidated appeal by Council 13, American Federation of State, County and Municipal Employees, AFL-CIO (AFSCME), the Pennsylvania Social Services Union (PSSU), the Joint Bargaining Committee of the Pennsylvania Social Services Union, Local 668 and the Pennsylvania Employment Security Employees Association, Local 675, SEIU, AFL-CIO (Joint Bargaining Committee), from an order of the Pennsylvania Labor Relations Board (Board) which found that the Commonwealth did not commit an unfair labor practice by unilaterally enacting a code of conduct.

On September 3, 1980, Governor Thornburgh issued Executive Order 1980-18 which is essentially a three part Code of Conduct (Code) applicable to certain employees of the executive branch, including employees represented by petitioners. Among other things, Part I of the Code prohibits all outside employment unless prior approval is obtained. Part I of the Code also prohibits employees from accepting honoraria or other gifts and from engaging in political activities which have been determined by the Secretary of Budget and Administration to be in conflict with the employees' position. Part II of the Code requires certain employees to file statements disclosing personal financial interests.[1] Part III establishes a uniform procedure which is to be followed when em-

---

[1] A preliminary injunction, permitting petitioners to exhaust all of their adminsitrative remedies prior to filing these financial disclosure forms, was granted by the Commonwealth Court, *Mazzie v. Commonwealth,* (No. 2499 C.D. 1980, filed November 6, 1980), *aff'd* 495 Pa. 128, 432 A.2d 985 (1981).

ployees are charged with or convicted of criminal conduct.

In November of 1980, each of the petitioners filed unfair labor charges against the Commonwealth based on Sections 803, 1201(a)(1), 1201(a)(4), 1201(a)(5) and 1201(a)(9) of the Public Employe Relations Act (PERA).[2] Petitioners claimed that because the provisions of the Code have a significant impact upon the employees' wages, hours and other terms and conditions of employment, the Commonwealth is required by Section 701 of PERA[3] to bargain with them prior to enacting such a Code. The Commonwealth, on the other hand, argued that promulgation of the Code is a matter of inherent managerial policy which, according to Section 702 of PERA,[4] is not mandatory subject of bargaining.

Petitioners' charges were consolidated and a hearing was held before a hearing officer who determined

---

[2] Act of July 23, 1970, P.L. 563, *as amended*, 43 P.S. §§1101.803, 1101.1201(a)(1), 1101.1201(a)(4), 1101.1201(a)(5) and 1101.1201 (a)(9).

[3] Section 701 provides:

Collective bargaining is the performance of the mutual obligation of the public employer and the representative of the public employes to meet at reasonable times and confer in good faith with respect to wages, hours and other terms and conditions of employment, or the negotiation of an agreement or any question arising thereunder and the execution of a written contract incorporating any agreement reached but such obligation does not compel either party to agree to a proposal or require the making of a concession.

43 P.S. §1101.701.

[4] Section 702 reads:

Public employers shall not be required to bargain over matters of inherent managerial policy, which shall include but shall not be limited to such areas of discretion or policy as the functions and programs of the public employer, standards of services, its overall budget, utilization of technology, the organizational structure and selection and

that the Code was not a matter of inherent managerial policy but rather a mandatory subject of bargaining. Exceptions to this decision were filed by the Commonwealth and, in a final decision dated March 31, 1982, the Board reversed and held that because promulgation of the Code was an inherent managerial prerogative within the meaning of Section 702 of PERA, the Commonwealth did not commit an unfair labor practice by refusing to bargain with petitioners.[5] This appeal followed.

It is well settled that our scope of review in cases of this nature is a limited one. A Board's decision will be upheld if its findings of fact are supported by substantial evidence and if the legal conclusions derived therefrom are reasonable rather than capricious, arbitrary or incorrect as a matter of law. *Joint Bargaining Committee of the Pennsylvania Social Services Union v. Pennsylvania Labor Relations Board,* 68 Pa. Commonwealth Ct. 307, 449 A.2d 96 (1982), *aff'd,* 503 Pa. 236, 469 A.2d 150 (1983).

It is also well settled that when the Board is confronted with a case such as this, where it must determine whether a certain issue is a subject of mandatory bargaining, it must apply the balancing test set forth in *Pennsylvania Labor Relations Board v. State College Area School District,* 461 Pa. 494, 337 A.2d 262

---

direction of personnel. Public employers, however, shall be required to meet and discuss on policy matters affecting wages, hours and terms and conditions of employment as well as the impact thereon upon request by public employe representatives.

43 P.S. §1101.702.

[5] The Board did find that, with respect to the rank and file employees, the employer had violated the "meet and discuss" requirement found in Section 702 of PERA and was, therefore, guilty of an unfair labor practice pursuant to Section 1201(a)(9) of PERA. This determination has not been appealed by the Commonwealth.

(1975). In that case the Supreme Court interpreted the inter-relationship of Section 701 and 702 and held that:

> where an item of dispute is a matter of fundamental concern to the employes' interest in wages, hours and other terms and conditions of employment, it is not removed as a matter subject to good faith bargaining under section 701 simply because it may touch upon basic policy. It is the duty of the Board in the first instance and the courts thereafter to determine whether the impact of the issue on the interest of the employe in wages, hours and terms and conditions of employment outweighs its probable effect on the basic policy of the system as a whole.

*Id.* at 507, 337 A.2d at 268.

In this appeal petitioners first challenge the Board's application of the *State College* test and argue that the Board misapplied the test. They claim that the Board improperly equated the interest of the Commonwealth with the public interest. On the contrary, we find that the Board, in reaching its decision, properly considered the fact that the purpose of the public sector employer is to serve the public interest in the most efficient and effective way and it considered whether enactment of the Code furthered that objective. This type of analysis is exactly what *State College* requires. In fact, the Court stated: "In striking this balance [between Section 701 and 702] the paramount concern must be the public interest in providing for the effective and efficient performance of the public service in question." *Id.* at 506, 337 A.2d at 268.

Petitioners also contend that the Board improperly applied the *State College* balancing test by imposing upon them a much heavier burden of proof than that which is required by the law. This argument is

based solely on the use, by the Board, of the word "compelling" in the following context:

> In view of the foregoing we find the thrust of Executive Order 1980-18 impacts directly on basic policy of the Commonwealth within the meaning of State College, supra, since its provisions go to the heart of the function of democratic government. Since we find Executive Order 1980-18 fulfills a vital function of government, its impact on employe wages, hours, terms and conditions of employment must be *compelling* to find such a Code to be a mandatory subject of bargaining. (Emphasis added.)

(Opinion of the Board, page 11, 3/31/82.) Petitioners argue that instead of requiring evidence that the impact on the employees simply *outweighed* the impact on the system, the Board required petitioners to show that the impact on the employees was of a compelling nature.

It is true that the Board required compelling evidence from the petitioners but it did so because, having first weighed the impact the Code had on the policy as a whole and having found that it fulfilled a *vital* function, the Board properly determined that, in order for the petitioners to prevail, they needed to show that the impact on the employees' wages, hours and conditions of employment was more than vital. In other words, they were required to show that the impact on the employees *outweighed* the impact on the policy as a whole.

We, therefore, find that the Board correctly identified the balancing test, carefully applied it to the facts and properly concluded that:

> Though some provisions of the Order [Code] do have impact on employe wages, hours, terms and conditions of employment,

that impact is clearly outweighed by the great impact such a policy has on the ability of the government to preserve integrity among public employes and to provide a mechanism for enforcing a policy dedicated to the improvement of public service. The respect of the public for the dignity of government will be thereby enhanced and the public interest will be thereby served.

(Opinion of the Board, pages 20-21, 3/31/82.) Petitioners next argue that the result reached by the Board is wrong. They urge this Court to re-examine all of the facts and overturn the Board's decision. This is not within our scope of review. The determination made by the Board, that the impact the Code has on the integrity and efficiency of government employees outweighs the impact on the conditions of employment pursuant to the *State College* test, is a factual one. *Joint Bargaining Committee.* It is well established that, given its expertise in this area, our courts have historically given great deference to the Board's *factual* determinations. *Joint Bargaining Committee; Pennsylvania Labor Relations Board v. Mars Area School District,* 480 Pa. 295, 389 A.2d 1073 (1978); *Pennsylvania Labor Relations Board v. Butz,* 411 Pa. 360, 192 A.2d 707 (1963).

It is, however, within our scope of review to determine whether there was substantial evidence in the record to support the Board's factual determination that promulgation of the Code is a managerial prerogative. Our review of the record reveals that substantial evidence was introduced to show that promulgation of the Code will enhance the public's perception of the integrity of public officials, it will increase the actual honesty and integrity of the public employees, and it will help to make government more effective and efficient.

In an unfair labor practice suit, such as this, it is the complainant who bears the burden of proving the alleged charges. *St. Joseph's Hospital v. Pennsylvania Labor Relations Board,* 473 Pa. 101, 373 A.2d 1069 (1977). The Board held that petitioners did not meet their burden. We agree.

Based on the foregoing, we affirm.

### ORDER

Now, August 14, 1984, the order of the Pennsylvania Labor Relations Board, Case Nos. PERA-C-80-696-C, PERA-C-80-702-C and PERA-C-80-703-C, dated March 31, 1982, is hereby affirmed.

Judge DOYLE and Judge COLINS dissent.