· 509 A.2d 888

Jerome C. Avery, Petitioner *v.* Commonwealth of Pennsylvania Labor Relations Board, Respondent.

Argued April 11, 1986, before Judges BARRY and COLINS, and Senior Judge BLATT, sitting as a panel of three.

*Donna E. Baker*, for petitioner.

*Patricia J. Goldband,* with her, *James L. Crawford* and *Anne E. Covey,* for respondent.

OPINION BY JUDGE COLINS, May 9, 1986:

Jerome C. Avery (petitioner) appeals an order of the Pennsylvania Labor Relations Board (Board) which affirmed the dismissal of his unfair labor practice charge.

The petitioner has been employed by the Philadelphia County Board of Assistance (employer) since 1971. On April 30, 1981, petitioner received an unfavorable annual employee evaluation which he contends was a result of his union affiliation rather than his job performance; he was a union steward. On May 19, 1981, the petitioner filed an unfair labor practice charge with the Board in which he alleged that his employer had violated Section 1201(a)(1), (2), (3), (5), (6), (8) and (9) of the Public Employe Relations Act[1] (PERA) by refusing to permit him union representation at a review meeting of his 1981 evaluation. The Board issued a complaint on the charge and assigned the matter to a conciliator for resolution. When negotiations proved fruitless, the Board scheduled the case for a hearing.

[1] Act of July 23, 1970, P.L. 563, 43 P.S. §1101.1201, provides as follows:

[a] Public employers, their agents or representatives are prohibited from:

■ Interfering, restraining or coercing employes in the exercise of the rights guaranteed in Article IV of this act.

■ Dominating or interfering with the formation, existence or administration of any employe organization.

■ Discriminating in regard to hire or tenure of employment or any term or condition of employment to encourage or discourage membership in any employee organization.

■ Refusing to bargain collectively in good faith with an employe representative which is the exclusive repre-

The petitioner and the employer ultimately agreed to settle the dispute pursuant to the terms of an Agreement[2] and the Board cancelled the scheduled hearing. The Agreement provided in pertinent part that:

> 3. A full, fair and impartial review will be given to [the petitioner] and it has been agreed that the Reviewing Officer will not be Ms. Graves.

The petitioner agreed to withdraw the charge subject to effectuation of the Agreement.

In September, 1983, a review was conducted by a Mr. Pelc, a labor relations coordinator for the employer. Mr. Pelc notified the petitioner of his decision by letter of November 15, 1983. Mr. Pelc's letter decision is not

---

sentative of employes in an appropriate unit, including but not limited to the discussing of grievances with the exclusive representative.

■ Refusing to reduce a collective bargaining agreement to writing and sign such agreement.

■ Refusing to comply with the provisions of an arbitration award deemed binding under Section 903 of Article IX.

■ Refusing to comply with the requirements of 'meet and discuss.'

[2] The Agreement executed by the petitioner and his employer also provided that:

1. [Petitioner] will be given access to the files, approximately ten to fifteen in number and most likely located in Aldan District, which constitute the basis of the evaluation.

2. [Petitioner] will be given a reasonable amount of time, approximately ½ day, as anticipated if the file is all in one place, to review those files and to prepare his arguments regarding the evaluation.

4. [The petitioner] will be granted union representation of his own choice at the evaluation.

The petitioner does not here contend that the above-stated provisions of the Agreement were violated.

of record.[3] Upon notification from the conciliator that the case had been settled in accordance with the Agreement, the Board informed the petitioner that it would withdraw the unfair labor practice charge absent a showing of just cause as to why a hearing should be held.

In response, the petitioner protested that the review had been incomplete and biased, in violation of the above provision of the Agreement, and that the unfair labor practice charge should, therefore, not be dismissed. Specifically, the petitioner alleged that Mr. Pelc, by virtue of his employment with the petitioner's employer, was not an impartial reviewer and that he refused to investigate all instances of alleged harassment pertaining to the subject evaluation. The Board rejected the petitioner's protestations and dismissed the charge upon finding that his dissatisfaction with the reviewing officer did not violate the Agreement which specified only that the review be performed by someone other than Ms. Graves, the original evaluator. The petitioner filed Exceptions to the Board's action, again raising the above-stated objections. The Board affirmed the dismissal of the petitioner's unfair labor practice charge upon finding that (1) the settlement agreement did not prohibit review by Mr. Pelc; (2) petitioner offered no objective evidence of bias; and (3) petitioner was allowed a full opportunity to present his case.

Upon appeal to this Court, the petitioner contends that the Board erred in dismissing his charge prior to holding an evidentiary hearing to determine if his evaluation review had been conducted in accord with the

---

[3] Mr. Pelc's letter decision of November 15, 1983 to the petitioner is not of record. The petitioner appended said letter to his Petition for Review filed with this Court. Upon the Board's Motion to Suppress Matter Not of Record, granted by this Court by Order dated March 1, 1985, said letter was deleted. Pa. R.A.P. 1551(a).

provisions of the settlement agreement. Petitioner also contends that the record does not support the Board's determination that his review had complied with the Agreement.

We find the petitioner's contention of entitlement to an evidentiary hearing before the Board to be without merit. The decision of whether or not to issue a complaint upon the filing of an unfair labor practice charge lies within the discretion of the Board. 43 P.S. §1101.1302.[4] As our Supreme Court stated in *Pennsylvania Social Services Union, Local 668 v. Pennsylvania Labor Relations Board,* 481 Pa. 81, 85, 392 A.2d 256, 258 (1978):

> Section 1101.1302 gives the Labor Board 'authority to issue a complaint'; it does not command that it must do so in all cases. Further, Section 1101.1302 expressly contemplates that, in some cases, complaints will not be issued by the Labor Board.

In its review, this Court cannot overturn an agency's exercise of its discretion absent proof of fraud, bad faith, or blatant abuse of discretion. *Wengrzyn v. Cohen,* 92 Pa. Commonwealth Ct. 154, 498 A.2d 61 (1985).

In the instant matter, the Board initially scheduled a hearing when resolution through the conciliator appeared unlikely. The petitioner and the employer

---

[4] Section 1302 provides, in pertinent part:
Whenever it is charged by any interested party that any person has engaged in or is engaging in any such unfair practice, the board, or any member or designated agent thereof, shall have authority to issue and cause to be served upon such person a complaint, stating the charges in that respect, and containing a notice of hearing before the board, or any member or designated agent thereof, at a place therein fixed, not less than five days after the serving of said complaint.

agreed to settle their dispute. The Board then dismissed the petitioner's charge, and, *inter alia,* declined to proceed to a hearing upon notification that resolution had been effectuated pursuant to the Agreement. We must determine, therefore, if the Board abused its discretion in refraining from issuing a complaint *sub judice.*

We preliminarily acknowledge that the petitioner and the employer mutually agreed upon the settlement of their dispute. Moreover, the petitioner in no way contends that he executed the Agreement under misapprehension or duress. As PERA intends to "promote orderly and constructive relationships between all public employers and their employes," 43 P.S. §1101.101, we find resolution by agreement an appropriate device.

Settlement agreements have many of the attributes of contracts voluntarily undertaken and must be construed according to traditional principles of contract construction. *See Buchanan v. Century Federal Savings & Loan Assn.,* 295 Pa. Superior Ct. 384, 441 A.2d 1285 (1982). Where the words of the contract are clear and unambiguous, the intent of the parties is to be determined only from the express language of the agreement. *Robert F. Felte, Inc. v. White,* 451 Pa. 137, 302 A.2d 347 (1973).

The words of the contract *sub judice* are indeed clear. The Agreement stated that the review be afforded by someone "other than Ms. Graves," the petitioner's original evaluator. We cannot find that the Board abused its discretion in determining that the Agreement did not prohibit review by Mr. Pelc. The petitioner had ample opportunity to refine said specification in order to eliminate the prospect of review by other fellow employees of his employer. He did not do so. He now contends that the provision of the Agreement mandating fairness encompassed the notion that review

could not be performed by an employee of his same employer, whom, petitioner contends, would be necessarily biased. Unfortunately for the petitioner, the language of the Agreement does not support his contention.

The petitioner further contends that Mr. Pelc refused to consider all the evidence presented. When the same objection was raised by the petitioner in his Exceptions to the dismissal of his charge, the Board responded that:

> [The petitioner] was allowed a full opportunity to present his case and the reviewing officer was allowed a full opportunity to hear the case. The reviewing officer need not expressly respond to every piece of evidence presented. The fact that the reviewing officer did not expressly respond to every piece of evidence does not mean that he did not review all of the evidence submitted by the [petitioner] in its entirety.

We find no record evidence in support of the Board's finding that Mr. Pelc afforded petitioner a full review. No record of the review proceeding per se[5] was maintained. In addition, as we have stated, Mr. Pelc's letter decision of November, 1983 is not of record.

Petitioner cites the absence of Mr. Pelc's letter as "a glaring omission" from the record and imposes a duty on the Board to "create a record."[6] We refuse to impose such a duty on the Board.

---

[5] At oral argument before this Court, counsel for the Board explained that a Commonwealth employee is entitled to a review of his annual evaluation but no record is maintained of this proceeding.

[6] In support of its contention that the Board was subject to an affirmative duty to create a record *sub judice*, the petitioner cites *Commonwealth of Pennsylvania v. Pennsylvania Labor Relations Board*, 82 Pa. Commonwealth Ct. 330, 465 A.2d 116 (1983), *appli-*

The petitioner had the burden of proving the charge of an unfair labor practice. *Council 13, American Federation of State, County and Municipal Employees, AFL-CIO v. Pennsylvania Labor Relations Board*, 84 Pa. Commonwealth Ct. 458, 479 A.2d 683 (1984). This Court has held that "it is the duty of the party [with the burden of proof] to see that evidence is properly introduced and admitted into the record." *Economy Decorators v. Workmen's Compensation Appeal Board (Federici)*, 96 Pa. Commonwealth Ct. 208, 216, 506 A.2d 1357, 1361 (1986).

The petitioner, not the Board, had an affirmative duty to introduce Mr. Pelc's letter if he believed its contents instrumental in establishing his case. He did not do so and cannot now complain of the omission of this letter from the record. It is axiomatic that this Court, in its appellate capacity, is bound to consider only evidence of record. Pa. R.A.P. 1551(a). Accordingly, we will not consider Mr. Pelc's letter in our review despite the petitioner's frequent references to its content in his brief. We believe the Board acted on the record as adduced and cannot find an abuse of discretion in their so doing.

---

cation for reargument granted, decision following reargument, 82 Pa. Commonwealth Ct. 330, 474 A.2d 1213 (1984) and *American Federation of State, County and Municipal Employees, District Council 84 v. Pennsylvania Labor Relations Board*, 62 Pa. Commonwealth Ct. 548, 437 A.2d 468 (1981), *appealed again after remand*, 83 Pa. Commonwealth Ct. 591, 477 A.2d 930 (1984). These cases are inapplicable to the instant matter.

In the first case, this Court ordered the matter remanded to the Board in order that the burdened party might have the opportunity of meeting its burden under a new rule promulgated by the Board. In the second case, this Court ordered the matter remanded to admit into evidence the proposed collective bargaining agreement in order to determine whether certain subjects were properly excluded from bargaining.

Of utmost significance to our resolution of this matter is the fact that the petitioner raised no objection to either Mr. Pelc's alleged bias or his alleged refusal to consider the evidence *in toto* until some two months after receipt of an adverse decision. We note the following attenuated series of events: Mr. Pelc conducted his review in September, 1983. Petitioner was informed of his adverse decision by letter of November, 1983. He did not raise objections to the proceeding until February 3, 1984, and only then in response to the Board's notification that the charge of unfair labor practice would be dismissed absent a showing of just cause.

A charge of bias or prejudice must be raised in a timely fashion. *See G.G.&C. Bus Co. v. Pennsylvania Public Utility Commission,* 42. Pa. Commonwealth Ct. 384, 400 A.2d 941 (1979). *See also Marcus v. Director, Office of Workers' Compensation Programs,* 548 F.2d 1044 (D.C. 1976). As the Court stated in *Marcus:*

> [I]t will not do for a claimant to suppress his misgivings while waiting anxiously to see whether the decision goes in his favor. A contrary rule would only countenance and encourage unacceptable inefficiency in the administrative process.

548 F.2d at 1051.

The mere fact that a decision was reached contrary to a particular party's interest cannot justify a claim of bias. *Id.* The petitioner unduly delayed in raising his objections to the evaluation review proceeding. Moreover, the petitioner's satisfaction with the result was not mandated by the Agreement voluntarily executed by the petitioner and the employer.

For the above-stated reasons, we do not find that the Board abused its discretion in dismissing the petitioner's Complaint upon notification from the conciliator that the instant dispute had been settled in accord with the Agreement.

Accordingly, the order of the Board is affirmed.

ORDER

AND NOW, May 9, 1986, the Order of the Pennsylvania Labor Relations Board, dated December 14, 1984, No. PERA-C-81-347-E, is affirmed.