562 A.2d 965

**RONALD H. CLARK, INC., Appellant,**

**v.**

**TOWNSHIP OF HAMILTON, Appellee.**

Commonwealth Court of Pennsylvania.

Argued June 9, 1989.

Decided Aug. 3, 1989.

32

Steven L. Friedman and James J. Greenfield, Dilworth, Paxson, Kalish & Kauffman, Philadelphia, for appellant.

Allen E. Ertel, Allen E. Ertel & Assoc., Williamsport, for appellee.

Before COLINS and PALLADINO JJ., and BARBIERI, Senior Judge.

BARBIERI, Senior Judge.

Ronald H. Clark, Inc. (Clark) appeals the order of the Tioga County Court of Common Pleas which sustained the preliminary objections of the Township of Hamilton (Township) to Clark's declaratory judgment complaint seeking a determination that Ordinances passed by the Township restricting Clark from operating a landfill were invalid.

The facts surrounding the appeal are that in November of 1984, Clark obtained long term leases on 400 acres in Hamilton Township for the purpose of operating a "natural renovation landfill." On November 9, 1984, Clark applied to the Department of Environmental Resources (DER) for a landfill permit which was denied on September 13, 1985. Clark re-applied for a permit to operate a state-of-the-art landfill with a protective liner. This permit application had not yet been acted upon at the time of the decision and opinion of the trial court.[1]

---

1. Both parties in their briefs filed with this Court argue on the basis that this application was denied in April 1989 and that an appeal from this denial has been filed and is pending before the Environmental Hearing Board. Since this alleged event in April of 1989 was not before the trial judge and had not even ocurred when the instant appeal to this Court took place, February 16, 1989, we must decline to consider it in our determination on this appeal. *Economy Decorators, Inc. v. Workmen's Compensation Appeal Bd. (Federici)*, 96 Pa. Commonwealth Ct. 208, 506 A.2d 1357 (1986); *Avery v. Pennsylvania Labor Relations Bd.*, 97 Pa. Commonwealth Ct. 160, 509 A.2d 888 (1986); Pa.R.A.P. 1551(a).

In November of 1985, the Township passed four Ordinances that purported to regulate the use of landfills in the Township. Ordinance No. 14 regulates landfills by creating location restrictions and states no landfill may operate without written permission by the Board of Supervisors. Ordinance No. 16 prohibits vehicles weighing more that 30,000 pounds from using a described portion of a Township road. Ordinance No. 17 governs operation of solid waste landfills and establishes location restrictions and assesses a 10% tax on the landfill's gross yearly revenues, increasing by 1% annually. Ordinance No. 19 basically regulates activities involving deep mines and prohibits excavations more than ten feet deep without a Township permit.

On June 6, 1988, Clark filed an action under the Declaratory Judgments Act, 42 Pa.C.S. §§ 7531–7541, seeking a determination that these Ordinances were invalid because landfill operation has been pre-empted by the Solid Waste Management Act, 35 Pa.C.S. §§ 6018.101–6018.1003. Clark also alleged that the Ordinances represented spot zoning,[2] and that the Township is barred by the pending ordinance doctrine from enforcing them against Clark. Clark further contends that Ordinance No. 16 imposing a weight restriction is pre-empted by the Motor Vehicle Code, 75 Pa.C.S. §§ 4941–4947, and Ordinance No. 19 imposing an excavation prohibition is pre-empted by the Bituminous Mine Subsidence and Land Conservation Act, 52 Pa.S. § 1406.7(b). Clark also argued that none of the Ordinances were properly advertised and noticed.

The Township filed preliminary objections to Clark's action for declaratory judgment, several of which the trial court sustained.[3] The trial court held that since Clark had

2. Spot zoning is "zoning which singles out an area for treatment different from that of similar surrounding land and which cannot be justified on the basis of health, safety, morals or general welfare of the community and which is not in accordance with a comprehensive plan." *Black's Law Dictionary* 1258 (5th ed.1979).

3. Clark's Amended Complaint was captioned "Amended Complaint in Equity," and nowhere refers to declaratory judgment. Pa.R.C.P. No. 1601(a) provides that:

been denied one landfill permit by DER and the reapplication had not yet been acted upon by DER, no actual case or controversy existed and the case was not ripe for declaratory decision. The trial court also concluded that the pending ordinance doctrine did not apply [4] and Clark had not stated a claim that the Ordinances were improperly advertised or noticed. Because we conclude that this matter does not present an actual case or controversy, we do not reach the pending Ordinance or notice issues and must affirm the trial court.

 Petitions for declaratory judgments are governed by the provisions of the Declaratory Judgments Act (DJA), 42 Pa.C.S. §§ 7531–7541. The Declaratory Judgments Act is broad in scope and is to be liberally construed and administered, but is not without its limitations. *Cloonan v. Thornburgh,* 103 Pa. Commonwealth Ct. 1, 519 A.2d 1040 (1986), *appeal dismissed sub nom. Pennsylvania Liquor Control Bd. v. Casey,* 516 Pa. 52, 531 A.2d 1391 (1987). For instance, declaratory relief is appropriate only where there is an actual controversy. *South Whitehall Township v. Department of Transportation,* 82 Pa. Commonwealth Ct.

(a) A plaintiff seeking only declaratory relief shall commence an action by filing a complaint captioned "Action for Declaratory Judgment". The practice and procedure shall follow, as nearly as may be, the rules governing the Action in Equity.
The trial judge, however, found the Amended Complaint otherwise acceptable under the Declaratory Judgments Act, 42 Pa.C.S. §§ 7531–7541, and proceeded to rule on the Township's preliminary objections.

4. The trial court's decision on this issue, simply put, is that the pending ordinance doctrine generally applies in zoning cases, but that the ordinances in question in this case are not zoning ordinances; that as in the case of *Mt. Joy Township v. Davies Used Auto Parts,* 80 Pa. Commonwealth Ct. 633, 472 A.2d 1172 (1984), the zoning aspects of the ordinances do not require zoning treatment. In *Mt. Joy Township,* as in the Township of Hamilton regulations in the instant case, the Township enacted ordinances as a second class township under the Second Class Township Code, specifically Section 65708 in this case. The trial court ruled that the regulatory ordinances in this case were not enacted under the zoning laws, but under the Second Class Township Code, Section 702, art. VII, Act of May 1, 1933, P.L. 103, *as amended,* 53 P.S. § 65708. We note that the provisions found in Section 65708 specifically authorize regulations as to landfills, and controlling portions of the Code are quoted by the trial court herein.

217, 475 A.2d 166 (1984). In the instant case, Clark seeks declaratory relief on the theory the Ordinances in question would cause irreparable harm [5] by interfering with Clark's "vested rights in the enjoyment of its leasehold interest by making it impossible for Clark to operate a landfill on the property in the event that Clark is granted a permit to do so by DER." (Amended Complaint in Equity at p. 5; R.R. at 30a).

A declaratory judgment to decide future rights will not issue in a case where the alleged breach of the petitioner's rights is merely an anticipated event which may never happen and a petition for declaratory judgment is properly dismissed where the proceeding may prove to be merely academic. *McCandless Township v. Wylie*, 375 Pa. 378, 381–82, 100 A.2d 590, 592 (1953), citing *Eureka Casualty Co. v. Henderson*, 371 Pa. 587, 92 A.2d 551 (1952). While the subject matter of the dispute giving rise to a request for declaratory relief need not have erupted into a full-fledged battle, petitioner must at least allege facts demonstrating the existence of an active controversy relating to the invasion or threatened invasion of the petitioner's legal rights; there must emerge the "ripening seeds" of a controversy. *In re Cryan's Estate*, 301 Pa. 386, 152 A. 675 (1930).

Here, any potential interference with Clark's landfill operations, by necessary implication, is contingent on the granting of a permit by DER. Clark cannot lawfully operate a landfill without a DER permit and, therefore, may not

5. It is not clear from the pleadings just how Clark is, or will be, harmed by the Township Ordinances. Since Clark has been denied a landfill permit by DER and is not operating a landfill, it can allege no facts suggesting, for instance, that the Township has wrongfully withheld its written permission to run a landfill, that operation of the landfill necessarily requires the use of vehicles exceeding 30,000 pounds, that Clark cannot meet the proscribed location restrictions, that the 10% tax is unduly burdensome, or that the Township has wrongfully withheld an excavation permit.

As we held in *Mt. Joy Township, supra*, regulations like those in this case, enacted under the authority of the Second Class Township Code, are valid and need not be enacted by township authorities with the aparatus associated with zoning ordinances.

claim to be hindered until such a permit is granted. Thus, Clark has not established a causal connection between the action complained of (enacting the Ordinances) and a present injury to its legal interests. *Wm. Penn Parking Garage, Inc. v. City of Pittsburgh,* 464 Pa. 168, 346 A.2d 269 (1975). It must be conceded that if Clark possessed a valid operating permit from DER, there could [6] arise "antagonistic claims indicating imminent and inevitable litigation." *Chester Upland School Dist. v. Commonwealth,* 90 Pa. Commonwealth Ct. 464, 468, 495 A.2d 981, 983 (1985). However, that is not the case here. Clark has failed to plead the existence of a valid permit or that one is even reasonably forthcoming.[7] Indeed, DER may never grant Clark a permit to operate a landfill. Should it turn out that Clark is never granted a permit by DER, the Township Ordinances will never be imposed on Clark, and this Court will not render a decision under such circumstances.[8] *See*

**6.** In addition to a valid operating permit, Clark would need to aver facts sufficient to show competing claims indicative of impending litigation. *See In re Cryan's Estate,* 301 Pa. 386, 152 A. 675 (1930). For instance, Clark would have to allege that it possessed a valid permit and that the Township Ordinances specifically prevented or inhibited operations of a landfill. To allege, as Clark has done, that the Ordinances "interfere" with landfill operations, or make operations "impossible," is merely to state a conclusion and is insufficient, absent additional facts, to demonstrate the clash of immediate legal interests required under the Declaratory Judgments Act. *See Moore v. Moore,* 344 Pa. 324, 25 A.2d 130 (1942). *See also 2 Goodrich–Amram 2d* § 1019(a):12, p. 139 (naked conclusions insufficient under Pa. R.C.P. No. 1019(a) requiring concise pleading of material facts).

**7.** Clark refers in its Reply Brief to a DER permit issued June 28, 1984, valid at the time of this appeal, that authorizes Clark to operate a "flyash disposal facility" on the proposed landfill site. Our review of the record, including Clark's Amended complaint in Equity, reveals no mention of this permit and it is only now in its brief to this Court that Clark asserts the permit's existence. We cannot take cognizance of matters not raised in the trial court and not a part of the record in this case. *See* cases cited *supra* note 1.

**8.** The trial court in the instant case stated:
[P]laintiff does not yet have a permit to operate a landfill, and we find it significant that plaintiff has been denied a permit for this landfill once before. If plaintiff's second permit application is again denied, the plaintiff may never operate a landfill in Hamilton Township and the parties will cease to be adversarial. We will not anticipate the granting of a permit to plaintiff by the DER to find that an actual controversy exists which will result in inevitable

*Singer v. Sheppard,* 33 Pa Commonwealth Ct. 276, 381 A.2d 1007 (1987).

■ Clark raises *Joint Bargaining Comm. of the Pennsylvania Social Servs. Union v. Commonwealth,* 109 Pa. Commonwealth Ct. 11, 530 A.2d 962 (1987), to argue that legal injury is not necessary to confer standing under DJA. *Joint Bargaining* was a case arising under our original jurisdiction and we granted jurisdiction to hear the case to decide important questions of law. The issue before us today, however, is not whether a party does, or does not, have standing to bring a declaratory judgment action. The issue here, rather, is whether a court exercising sound discretion may decline to take jurisdiction over a petition for declaratory judgment. We reaffirm the long-standing rule that declaratory judgments are not obtainable as a matter of right. Whether the lower court should exercise jurisdiction over a declaratory judgment proceeding is a matter of sound judicial discretion, *State Farm Mut. Ins. Co. v. Semple,* 407 Pa. 572, 180 A.2d 925 (1962); *Smith v. County of York,* 37 Pa. Commonwealth Ct. 47, 388 A.2d 1149 (1978), *cert. denied,* 441 U.S. 908, 99 S.Ct. 1999, 60 L.Ed.2d 377 (1979); *Presbyterian–University of Pennsylvania Medical Center v. Keystone Ins. Co.,* 251 Pa. Super 71, 380 A.2d 381 (1977). We see no abuse of discretion in the case at bar, especially where the facts present no actual, existing case or controversy as between Clark and the limitations in the regulatory ordinances as applied to Clark.

Accordingly, we affirm the decision of the trial court.

## ORDER

NOW, August 3, 1989, the order of the Court of Common Pleas of Tioga County at No. 310 Civil Division 1988, dated January 26, 1989, is hereby affirmed.

litigation between the parties. Because of this contingency, the ripening seeds of controversy do not exist. Until it is clear that the ordinances in question will be imposed upon the plaintiff, there is no relationship between plaintiff and defendant, and we will not determine their respective rights thereunder.
Trial Court Opinion at 4–5; R.R. at 60a–61a.