**LEAGUE OF WOMEN VOTERS OF GREATER PITTSBURGH, Pittsburgh Urban Magnet Project (PUMP), Daniel I. Booker, Linda Dickerson, Edward S. Kiely, Appellants,**

v.

**ALLEGHENY COUNTY, Michael Coyne as Prothonotary of Allegheny County, Peter DeFazio as Allegheny County Sheriff, Michael Della Vecchia as Allegheny County Recorder of Deeds, Allan Kirschman as Allegheny County Jury Commissioner, George Matta as Allegheny County Clerk of Courts, Jean Milko as Allegheny County Jury Commissioner, Dan Onorato as Allegheny County Controller, Cyril Wecht as Allegheny County Coroner, David Wecht as Allegheny County Register of Wills, John Weinstein as Treasurer of Allegheny County, and Stephen Zappala as District Attorney of Allegheny County.**

Commonwealth Court of Pennsylvania.

Argued Feb. 4, 2003.

Decided March 14, 2003.

W. Thomas McGough, Jr., Pittsburgh, for appellants.

Ronald G. Backer, Pittsburgh, for appellee, Prothonotary of Allegheny Cnty.

Bernard M. Schneider, Pittsburgh, for appellee, District Attorney of Allegheny Cnty.

Before: SMITH–RIBNER, Judge, FRIEDMAN, Judge, and JIULIANTE, Senior Judge.

OPINION BY Judge FRIEDMAN.

The League of Women Voters of Greater Pittsburgh, Pittsburgh Urban Magnet Project (PUMP), Daniel I. Booker, Linda Dickerson and Edward S. Kiely (collectively, the Taxpayers) appeal from the September 5, 2002, order of the Court of Common Pleas of Allegheny County (trial court), which sustained preliminary objections to the Taxpayers' Complaint for Declaratory Judgment and Injunctive Relief (Complaint) and dismissed the Complaint for failure to state a cause of action. We affirm.

The Taxpayers filed their Complaint on September 7, 2000, against Allegheny County (County), Michael Coyne as Prothonotary of Allegheny County, Peter DeFazio as Allegheny County Sheriff, Michael Della Vecchia as Allegheny County Recorder of Deeds, Allan Kirschman as Allegheny County Jury Commissioner, George Matta as Allegheny County Clerk of Courts, Jean Milko as Allegheny County Jury Commissioner, Dan Onorato as Allegheny County Controller, Cyril Wecht as Allegheny County Coroner, David Wecht as Allegheny County Register of Wills, John Weinstein as Treasurer of Allegheny County, and Stephen Zappala as District Attorney of Allegheny County (collectively, Elected County Officers). The Taxpayers sought: (1) a declaration that Allegheny County's Administrative Code is void to the extent that it exempts employees of the Elected County Officers from its merit personnel system; and (2) an injunction prohibiting Allegheny County and the Elected County Officers from hiring employees without regard to the merit personnel system or processing those already so hired.

The Register of Wills, the Prothonotary, the Sheriff, the Recorder of Deeds and the Coroner filed preliminary objections to the Complaint. These Elected County Officers argued, *inter alia,* that the Complaint (1) raises a non-justiciable political question and (2) fails to state a cause of action. The trial court overruled the preliminary objection relating to the political question doctrine, but the trial court sustained the demurrer and dismissed the Complaint. The Taxpayers now appeal to this court.[1]

The Taxpayers argue that the trial court erred in sustaining the demurrer and dismissing their Complaint because Allegheny County's Home Rule Charter (Charter) mandates a single merit personnel system that governs *all* County employees, including the Elected County Officers' employees. We disagree.

Article IX of the Charter, which pertains to the merit personnel system in

1. Our scope of review of an appeal from an order sustaining preliminary objections in the nature of a demurrer is to determine whether on the facts alleged in the complaint, the law states with certainty that no recovery is possible. *Yocca v. Pittsburgh Steelers Sports, Inc.,* 806 A.2d 936 (Pa.Cmwlth.2002). In making this review, we must accept as true all well-pled allegations of material fact averred in the complaint, as well as all inferences reasonably deduced therefrom. *Id.* Any doubts must be resolved in favor of overruling the demurrer. *Id.*

question here provides, in pertinent part, as follows:

### Section 1 Merit Principles

The personnel system of the County shall be based on the principle that appointments and promotions of employees shall be made on the basis of merit demonstrated by a valid and reliable examination or other evidence of competence.

### Section 2 Personnel System

*Consistent with all other applicable contracts and laws,*[2] the *Manager shall prepare and administer* a personnel system based on merit principles for all[3] employees of the County.

(R.R. at 27a) (emphasis added). Thus, the Charter establishes a merit personnel system that is prepared and administered by the Manager in such a way that it is consistent with applicable contracts and laws. To determine whether the Manager's merit personnel system applies to the Elected County Officers' employees, we

will examine the Manager's role in County government.

The Manager is part of the Executive Branch of County government, responsible to the Chief Executive,[4] and he or she has power to supervise "all Executive Branch departments and agencies except the Law Department."[5] Under the Charter, the Executive Branch departments and agencies do *not* include units of local government "created pursuant to Commonwealth law."[6] Thus, the Manager does *not* have power to supervise units of local government created pursuant to state law.

■ The offices of the Elected County Officers are units of local government created pursuant to section 401 of the Second Class County Code;[7] thus, the County Offices are created pursuant to Commonwealth law. The Charter does not even mention the Elected County Officers or their offices; the Charter refers to the Elected County Officers simply as "such other officers as may be required by law."[8] Significantly, under the Charter,

---

2. As used in the Charter, the word "laws" refers, in part, to laws of the Commonwealth of Pennsylvania that the County is required to observe and adhere to in the exercise of its Home Rule powers. (Article XIII, Section 8 of the Charter, R.R. at 33a.)

3. In this context, the word "all" does *not* mean *every* County employee. Sections 3, 4 and 5 of Article IX exclude, to some extent, County employees who are members of a collective bargaining unit, County employees who are covered by existing civil service systems and existing County employees. (R.R. at 27a–28a.)

4. (Article VI, Section 1 of the Charter, R.R. at 23a).

5. (Article VI, Section 2(b) of the Charter, R.R. at 24a.) The County Solicitor is director of the Law Department. (Article V, Section 3 of the Charter, R.R. at 24a.)

6. (*See* the definition of the word "agency" in Article XIII, Section 8 of the Charter, R.R. at 32a.)

7. Act of July 28, 1953, P.L. 723, *as amended,* 16 P.S. § 3401. With respect to the Elected County Officers in this case, section 401(a) provides that the qualified electors of the county shall elect: one controller; one treasurer; one coroner; one recorder of deeds; one prothonotary; one clerk of courts; one register of wills; one sheriff; one district attorney; and two jury commissioners. 16 P.S. § 3401(a).

8. Article III, Section 1 of the Charter states, "The government of Allegheny County shall include an elected County Council, an elected Chief Executive and an appointed professional Manager." (R.R. at 18a.) Article III, Section 3 of the Charter states, "The elected officers of the County shall be 15 County Council Members, the Chief Executive *and such other officers as may be required by law.*" (R.R. at 19a) (emphasis added).

laws relating to the County that are not inconsistent or in conflict with the Charter remain in force.[9] To the extent that section 401 creates the County Offices, it is not inconsistent or in conflict with the Charter and, thus, remains in force.[10] Because the County Offices are created pursuant to Commonwealth law, we conclude that the Manager has no power under the Charter to supervise the Elected County Officers or their employees.[11]

Because the Manager has no power under the Charter to supervise the Elected County Officers, it would be absurd to interpret Article IX of the Charter so that it gives the Manager power to prepare and administer a merit personnel system that would apply to the Elected County Officers' employees. *See* section 1922(1) of the Statutory Construction Act of 1972, 1 Pa.C.S. § 1922(1) (stating that, in ascertaining the intention of the legislature, we presume that the legislature does not in-

tend a result that is absurd). Thus, we conclude that the trial court did not err in sustaining the demurrer and dismissing the complaint.[12]

Accordingly, we affirm.[13]

## ORDER

AND NOW, this 14th day of March, 2003, the order of the Court of Common Pleas of Allegheny County, dated September 5, 2002, is hereby affirmed.

---

9. (Article XIII, Section 6(a) of the Charter, R.R. at 32a.)

10. Indeed, absent section 401 of the Second Class County Code, there would. be no legal basis for the creation of the County Offices. The Administrative Code does not create the County Offices; it states that the County Offices are those established "[i]n accordance with applicable law." (Section 601.01 of the Administrative Code, R.R. at 49a.)

11. We also note that the Charter gives the Manager the power to hire, discipline and discharge only those employees who are under the Manager's jurisdiction. (Article VI, Section 2(e) of the Charter, R.R. at 24a.)

12. Moreover, under the Charter, the Manager's merit personnel system must be consistent with other applicable laws. One such law states that clerks of court and prothonotaries are personnel of the unified judicial system. *See* section 102 of the Judicial Code, 42 Pa.C.S. § 102. If we were to interpret the Charter to allow the Executive branch of the County's government to prepare and administer the personnel system for personnel of the Judicial branch of government, we would be

construing the Charter in a manner that violates the constitutional separation of powers. *See* section 1922(3) of the Statutory Construction Act of 1972, 1 Pa.C.S. § 1922(3) (stating that, in ascertaining the intention of the legislature, we presume that the legislature does not intend to violate the Pennsylvania Constitution). For this reason also, we conclude that the Charter's merit personnel system does not apply to the Elected County Officers.

13. Because of our disposition of this matter, we need not examine the remaining issues raised by the Taxpayers.

Also, we note that our holding here is not inconsistent with *Wecht v. Roddey*, 815 A.2d 1146 (Pa.Cmwlth.2002), where we upheld section 601.02 of the Administrative Code, which requires that the Elected County Officers establish criteria for merit hiring and promoting within their respective offices. In other words, although we hold here that the Elected County Officers are not subject to the Manager's merit personnel system, prepared and administered under the Charter, the Elected County Officers must establish their own merit system under the Administrative Code.