William Lawson,                          :

                  Petitioner          :

                                 :

            v.                          :

                                 :

Philadelphia Clerk of Courts,          :          No. 1917 C.D. 2014

                  Respondent          :          Submitted: July 22, 2016


BEFORE:     HONORABLE ROBERT SIMPSON, Judge
               HONORABLE ANNE E. COVEY, Judge
               HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge


OPINION NOT REPORTED

MEMORANDUM OPINION BY
JUDGE COVEY                      FILED: October 20, 2016


        William Lawson (Lawson), pro se, petitions this Court for review (Petition) of the Office of Open Records' (OOR) September 24, 2014 Final Determination (Determination) dismissing his appeal with prejudice. Essentially, the issue before this Court is whether the OOR properly dismissed Lawson's appeal for lack of jurisdiction.[1]  After review, we affirm.

---

[1] Lawson raises six issues in his Statement of Questions Involved:

    (1)     Should a practice, usage or tradition by an agency be given the power and quality of law?

    (2)     What is a [b]ills [sic] of information? []

    (3)     Can [a bill of information] serve dual purposes?

    (4)     What is the law regarding the use of '[b]ills of information[?']

    (5)     Does [Lawson] have [a] liberty interest in [the] non[-]existence of [his] sentenc[ing] order?

    (6)     Does a violation of [the] Right-to-Know-Law[, Act of February 14, 2008, P.L. 6, 65 P.S. §§ 67.101-67.3104, (RTKL)] trigger a [d]ue process analysis under [Article 1, Section 9 of the Pennsylvania Constitution and the 14th Amendment to the United States Constitution]?

On August 28, 2014, Lawson submitted a request under the Right-to-Know Law (RTKL)[2] to the Philadelphia Clerk of Courts (Clerk), for a certified copy of the sentencing order for his Case Number CP-51-CR-0609631-1997. In response, the Clerk sent Lawson a copy of what Lawson refers to as a "bill of information." Petition at 1 *passim*. On September 19, 2014, Lawson filed an appeal with the OOR claiming that the Clerk failed to respond to his request since it had sent him a copy of the bill of information, rather than the requested sentencing order. On September 24, 2014, the OOR issued the Determination dismissing Lawson's appeal with prejudice, stating: "The Clerk is a 'judicial agency' and as such is not subject to the jurisdiction of the OOR." Determination at 1. Lawson appealed to this Court.[3]

This Court recently addressed this issue in *Faulk v. Philadelphia Clerk of Courts*, 116 A.3d 1183 (Pa. Cmwlth. 2015). The Court explained:

> The RTKL explicitly confers jurisdiction on appeals officers within OOR to render determinations regarding records disputes involving Commonwealth and local agencies. Section 503(a) of the RTKL, 65 P.S. § 67.503(a). By contrast, appeals of disputes involving a judicial agency are appealed to an appeals officer so designated by that judicial agency. Sections 503(b) and 1101(a) of the RTKL, 65 P.S. §§ 67.503(b), 67.1101(a).

Lawson's Amended Br. at 3. In his Amended Brief, Lawson also "incorporates the '[Petition]' in its entirety . . . as though stated in full." *Id*. at 2. Lawson's Petition is a form petition that contains an "A[rgument in] S[upport]" section in which he sets forth the following five arguments: (1) the Clerk is subject to the RTKL; (2) bills of information are not sufficient to satisfy a RTKL request for a sentencing order; (3) Lawson has a right to access the requested records; (4) the OOR was derelict when it dismissed Lawson's appeal because its duty is to ensure access to public records; and, (5) Lawson has a liberty interest in his sentencing order. Petition at 2.

Because the OOR dismissed Lawson's appeal for lack of jurisdiction and that is the order from which Lawson appeals, we address whether the OOR properly dismissed Lawson's appeal.

[2] Act of February 14, 2008, P.L. 6, 65 P.S. §§ 67.101-67.3104

[3] The Clerk was precluded from filing a brief in this matter. "We review OOR's statutory jurisdiction as a matter of law. Accordingly, our standard of review is plenary." *Faulk v. Phila. Clerk of Courts*, 116 A.3d 1183, 1185 (Pa. Cmwlth. 2015) (citation omitted).

2

'Judicial agency' is defined by the RTKL as, '[a] court of the Commonwealth or any other entity or office of the unified judicial system.' Section 102 of the RTKL, 65 P.S. § 67.102. '[C]lerks of court . . . are personnel of the unified judicial system.' *League of Women Voters of Greater Pittsburgh v. Allegheny Cnty.,* 819 A.2d 155, 158 n. 12 (Pa. Cmwlth. 2003) (citing Section 102 of the Judicial Code, 42 Pa.C.S. § 102). Based on the express terms of the RTKL, judicial agencies, including Clerk, are not subject to OOR's jurisdiction.

*Faulk*, 116 A.3d at 1185–86; *see also Locke v. Phila. Clerk of Courts* (Pa. Cmwlth. No. 1922 C.D. 2014, filed September 10, 2015); *McCrae v. Phila. Clerk of Courts* (Pa. Cmwlth. No. 2223 C.D. 2014, filed July 30, 2015); *Andrews v. Phila. Clerk of Courts* (Pa. Cmwlth. No. 1987 C.D. 2014, filed July 24, 2015).[4] Accordingly, the OOR properly dismissed Lawson's appeal.

Even if the OOR had jurisdiction, we would conclude that Lawson is not entitled to the requested sentencing order under the RTKL. The *Faulk* Court expounded:

For clarity, we distinguish between 'public records' under the RTKL and records to which the public may be entitled through alternate means.

The RTKL is not the sole mechanism for obtaining records from judicial agencies. Indeed, the RTKL offers limited access restricted by its terms to a defined type of records of judicial agencies. Thus, unlike records of Commonwealth or local agencies, where *all* records in their possession are presumed public, only 'financial records' of judicial agencies are accessible through the RTKL. This is in part because the courts are always open under our Constitution, and court records remain accessible to members of the public outside the RTKL. *See* Pa. Const., art. I, § 11 ('[a]ll

---

[4] This Court's unreported memorandum opinions may be cited "for [their] persuasive value, but not as a binding precedent." Section 414 of the Commonwealth Court's Internal Operating Procedures. 210 Pa. Code § 69.414. Notably, in *McCrae* and *Andrews*, the petitioners filed the same fill-in-the-blank-type petitions for review that Lawson used herein. In each case, this Court held that the OOR properly dismissed the appeal for lack of jurisdiction.

courts shall be open'); *Commonwealth v. Fenstermaker, . . .* 530 A.2d 414 ([Pa.] 1987) (discussing common law right of access to criminal courts and to court records).

That **sentencing orders do not qualify as 'public records' under the RTKL** does not diminish their public nature. Accordingly, although Clerk is not duty-bound to disclose court records under the RTKL, [a r]equester may seek access to court records outside the constraints RTKL's statutory scheme imposes on access to records of a judicial agency.

*Faulk*, 116 A.3d at 1187-88 (bold emphasis added; footnotes omitted).

For all of the above reasons, the OOR's Determination is affirmed.[5]

_____
ANNE E. COVEY, Judge

---

[5] With respect to Lawson's assertion that he has a liberty interest in his sentencing order, the *Faulk* Court stated:

> To the extent [the r]equester claims a liberty interest in his sentencing order, this Court previously rejected similar arguments on similar facts. *See Sturgis v. Dep't of Corr.,* 96 A.3d 445 (Pa. Cmwlth. 2014); *Gates v. Dep't of Corr.* (Pa. Cmwlth.[] No. 441 C.D. 2014, filed July 9, 2014) . . . . Here, [the r]equester appended a Department of Corrections (DOC) attestation of non-existence to his OOR appeal to support his argument that he is being improperly incarcerated without a copy of his sentencing order. In *Gates,* when an inmate argued the non-existence of the sentencing order was grounds for his release, we explained this Court is not in a position to rule on the legality of incarceration when DOC does not have a copy of the sentencing order. *See also Sturgis.* Similarly, we do not consider the Clerk's alleged refusal to produce a copy of [the r]equester's sentencing order here, and the alleged deprivation of liberty that causes. Additionally, the RTKL does not offer a vehicle for collaterally attacking a conviction. *See Guarrasi v. Scott,* 25 A.3d 394 (Pa. Cmwlth. 2011).

*Faulk*, 116 A.3d at 1188.

<u>IN THE COMMONWEALTH COURT OF PENNSYLVANIA</u>

William Lawson,                                  :
                                    Petitioner   :
                                                 :
                         v.                      :
                                                 :
Philadelphia Clerk of Courts,                    :     No. 1917 C.D. 2014
                                    Respondent   :

<u>O R D E R</u>

AND NOW, this 20th day of October, 2016, the Office of Open Records' September 24, 2014 Final Determination is affirmed.

 

 

_____
ANNE E. COVEY, Judge