IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Craig D. Murphy,       :
              :
        Petitioner  :
              :
       v.       : No. 235 M.D. 2021
              : Submitted: February 11, 2022
Secretary of the Department of  :
Labor and Industry, Secretary of  :
the Treasury, Stacy Garrity, Jeffrey[1] :
Olesiak, Susan Dickinson, Jennifer :
Berrier, IBM, and Geographic  :
Solutions Inc.,       :
              :
       Respondents :

BEFORE:  HONORABLE ANNE E. COVEY, Judge
      HONORABLE MICHAEL H. WOJCIK, Judge
      HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE WOJCIK        FILED: August 23, 2022

    Before this Court, in our original jurisdiction, are Respondents'[2] Preliminary Objections (POs) to Craig D. Murphy's (Murphy) *pro se* Amended

---

[1] According to Respondents' pleadings, the correct name is Jerry Oleksiak, not Jeffrey.

[2] Respondents are the Secretary of the Department of Labor and Industry (Department) Jennifer Berrier (Secretary Berrier), former Secretary of the Department Jerry Oleksiak (former Secretary Oleksiak), Deputy Secretary for Unemployment Compensation Programs Susan Dickinson (Deputy Secretary Dickinson) (collectively Department Respondents); Secretary of the Treasury Stacy Garrity (Treasurer Garrity), and Geographic Solutions, Inc. (GSI); International Business Machines Corp. (IBM). Secretary Berrier was named twice -- once by name and once by title.

Petition for Review (Amended PFR) challenging the processes and procedures of the Unemployment Compensation (UC) program and seeking declaratory, injunctive, and monetary relief in connection with his UC claim. For the reasons that follow, we sustain Respondents' POs in the nature of demurrers and dismiss Murphy's Amended PFR.

## I. Background

According to the facts alleged in the Amended PFR, and facts admitted in Murphy's answers, Murphy was separated from his employment on May 21, 2020. Amended PFR, ¶4. Murphy filed a claim for UC benefits and began receiving benefits effective May 17, 2020. Amended PFR, ¶10. On August 10, 2020, Claimant returned to work when he accepted a temporary contract position at a pharmacy, which concluded on November 30, 2020. Amended PFR, ¶6. Thereafter, Murphy resumed filing for UC benefits and started receiving UC benefits during the week ending December 5, 2020. *See* Department's PO, ¶4; Answer to Department's PO, ¶4. Murphy exhausted his entitlement to UC benefits during the week of March 20, 2021. *See* Department's PO, ¶5; Answer to Department's PO, ¶5. Murphy filed for Pandemic Emergency Unemployment Compensation (PEUC) during the week ending on March 27, 2021. *See* Department's PO, ¶6; Answer to Department's PO, ¶6. A stop was placed on his PEUC claim. *See* Department's PO, ¶7; Answer to Department's PO, ¶7. The stop was removed on July 21, 2021, after Murphy filed suit. *Id.* Thereafter, Murphy began receiving benefits, including a lump sum payment of all past due PEUC benefits. *See* Department's PO, ¶8; Answer to Department's PO, ¶8.

2

In the Amended PFR, Murphy seeks review of Respondents' "policies governing implementation, processing, termination hearings, classification, and adjudication of [u]nemployment claims." Amended PFR, ¶2. Murphy alleges that these policies enabled Respondents to withhold, terminate, or substantially delay his UC benefits without justification in violation of his due process rights as guaranteed by the Fourteenth Amendment of the U.S. Constitution, U.S. Const. amend. XIV, and enforced by Section 1983 of the Civil Rights Act of 1871, 42 U.S.C. §1983 (Section 1983). Amended PFR, ¶35. Murphy identified Respondents as "government units and state actors whose actions are in issue." Amended PFR, ¶3. Murphy alleges that IBM and GSI are "state actors" substantially involved in the "management and control" of Pennsylvania's UC system. Amended PFR, ¶¶27, 29, 33. Murphy asks this Court to issue a declaratory judgment against Respondents declaring that Respondents' acts were unconstitutional; grant $70.25 in reimbursement of filing fees; grant compensatory and punitive damages ancillary to a declaratory judgment for violation of his constitutional rights; issue appropriate injunctive relief restraining Respondents from continued constitutional violations; and issue any other relief the Court may deem appropriate.

## II. Preliminary Objections

In response, Respondents filed POs. Department Respondents demur on the grounds that Murphy's claims are legally insufficient. To the extent Murphy seeks declaratory judgment, Department Respondents contend that Murphy has failed to state a claim upon which relief may be granted. Department Respondents do not dispute that Murphy was entitled to UC benefits during the period at issue. Because Murphy admits that he received benefits owed, there is no actual case or

controversy upon which a declaratory judgment could provide relief. With regard to his constitutional claims under Section 1983, Murphy has failed to state a claim or allege sufficient facts that Department Respondents were involved in, had knowledge of, or acquiesced in the delay of UC benefits. Department Respondents also object based on insufficient specificity and lack of jurisdiction with regard to the monetary damages sought.

Treasurer Garrity also demurs on the basis that Murphy has failed to state a claim against her. The Amended PFR challenges the policies, processes and procedures of the UC program, over which Treasurer Garrity has no authority. Murphy has failed to identify any act or omission by Treasurer Garrity for which any legal relief may be granted. Treasurer Garrity further objects on the bases that the action is barred by sovereign immunity; Treasurer Garrity is an improper party; and the Amended PFR lacks sufficient specificity.

GSI objects on the grounds that this Court lacks jurisdiction over the subject matter of the action because Section 1983 claims for monetary damages are excluded from this Court's original jurisdiction; the Amended PFR lacks sufficient specificity; Murphy's Section 1983 claim is moot because Murphy concedes he was paid retroactive UC benefits; the Amended PFR fails to assert a cognizable Section 1983 claim against GSI because there is no allegation that GSI acted under the color of state law or caused the alleged constitutional violations; and finally, this Court lacks jurisdiction over GSI because GSI is not a government unit or officer.

IBM demurs on the basis that Murphy has failed to state a single act by IBM, let alone a wrongful act, in support of his claim. Further, IBM objects on the basis that Murphy's claim is moot because he admits that he received all benefits to which he was entitled; this Court lacks jurisdiction; Murphy failed to exhaust his

4

statutory remedies; and the Amended PFR is incurably vague. After briefing, the Respondents' POs are now ready for disposition.

### III. Discussion
### Legal Insufficiency (Demurrer) – Pa.R.Civ.P. 1028(a)(4)

Respondents separately but similarly demur on the basis that Murphy's Amended PFR should be dismissed because it fails to state a claim upon which relief may be granted against them. Murphy's claims against Respondents are twofold – a declaratory judgment claim and a Section 1983 claim. We review each in turn to determine whether Murphy has presented a cognizable claim.

To begin, "[a] demurrer 'tests the legal sufficiency of the complaint.'" *Commonwealth by Shapiro v. UPMC*, 208 A.3d 898, 908 (Pa. 2019) (quoting *Insurance Adjustment Bureau, Inc. v. Allstate Insurance Co.*, 905 A.2d 462, 468 (Pa. 2006)); *see* Pa.R.Civ.P. 1028(a)(4). "'For the purpose of evaluating the legal sufficiency of the challenged pleading, the court must accept as true all well-pleaded, material, and relevant facts alleged in the complaint and every inference that is fairly deducible from those facts.'" *Commonwealth by Shapiro*, 208 A.3d at 908-09 (quoting *Mazur v. Trinity Area School District*, 961 A.2d 96, 101 (Pa. 2008)). However, "[t]he [C]ourt is not required to accept as true legal conclusions, unwarranted factual inferences, argumentative allegations, or expressions of opinion." *Chasan v. Platt*, 244 A.3d 73, 80 (Pa. Cmwlth. 2020), *appeal denied*, 253 A.3d 679 (Pa. 2021). "The 'question presented by the demurrer is whether, on the facts averred, the law says with certainty that no recovery is possible. Where a doubt exists as to whether a demurrer should be sustained, this doubt should be resolved in favor of overruling it.'" *Commonwealth by Shapiro*, 208 A.3d at 909

5

(quoting *Bilt-Rite Contractors, Inc. v. The Architectural Studio*, 866 A.2d 270, 274 (Pa. 2005)).

Petitions for declaratory judgments are governed by the Declaratory Judgments Act (DJA), 42 Pa. C.S. §§7531-7541. *Ronald H. Clark, Inc. v. Township of Hamilton*, 562 A.2d 965, 967 (Pa. Cmwlth. 1989). The purpose of the DJA "is to afford relief from uncertainty and insecurity with respect to legal rights, status and other relations." *Mueller v. Pennsylvania State Police Headquarters*, 532 A.2d 900, 905 (Pa. Cmwlth. 1987). "At its core, the purpose of declaratory relief is to address an imminent dispute or actual controversy." *Chasan*, 244 A.3d at 84.

Here, Murphy does not deny that his UC benefits were not terminated. *See* Department's PO, ¶23; Answer to Department's PO, ¶23. Rather, he remained eligible for benefits, but an administrative stop was placed on his claim. *See id.* On July 21, 2021, the stop was removed, and Murphy received a lump sum payment of all UC benefits owed. *See* Department's PO, ¶7; Answer to Department's PO, ¶7. There is no dispute that Murphy was entitled to UC benefits for the period at issue and that he received all benefits due. Because the acts that Murphy complains of are in the past, a declaration would not aid in resolution of a current or imminent dispute. *See Chasan*. In other words, there is no actual case or controversy upon which a declaratory judgment action could provide relief. We, therefore, sustain Respondents' collective demurrer as to this claim.

As for Murphy's constitutional claim, Section 1983 provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the

6

party injured in an action at law, suit in equity, or other proper proceeding for redress[.]

42 U.S.C. §1983.

"To state a claim under [Section] 1983, a [petitioner] must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by *a person acting under color of state law*." *West v. Atkins*, 487 U.S. 42, 48 (1988) (emphasis added). "This Court has repeatedly held that the Commonwealth, a department of the Commonwealth, and officials acting in their official capacities are not 'persons' under [Section] 1983." *Pennsylvania Workers' Compensation Judges Professional Association v. Executive Board of Commonwealth*, 39 A.3d 486, 493 (Pa. Cmwlth. 2012), *aff'd*, 66 A.3d 765 (Pa. 2013); *accord Will v. Michigan Department of State Police*, 491 U.S. 58, 71 (1989) ("Obviously, state officials literally are persons. But a suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office. As such, it is no different from a suit against the State itself. . . . We hold that neither a State nor its officials acting in their official capacities are "persons" under [Section] 1983.") (citations omitted).

Furthermore, a petitioner must allege that the respondent was "personally involved in the alleged wrongs." *Watkins v. Pennsylvania Department of Corrections*, 196 A.3d 272, 276 (Pa. Cmwlth. 2018). This means that the petitioner must demonstrate that the respondent had actual knowledge of and/or acquiesced in the conduct of which the petitioner complains. *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988); *Hampton v. Holmesburg Prison Officials*, 546 F.2d 1077, 1082 (3d Cir. 1976). "[L]iability cannot be predicated solely on the operation of *respondeat superior*." *Rode*, 845 F.2d at 1207. "Allegations of

7

participation or actual knowledge and acquiescence . . . must be made with appropriate particularity." *Id.*

Murphy names both individual and corporate Respondents. As for the individual Respondents - Secretary Berrier, former Secretary Oleksiak, Deputy Secretary Dickinson, and Treasurer Garrity - Murphy filed suit against these individuals in their "official capacity." Amended PFR, ¶¶1, 36. Consequently, they are not "persons" for purposes of Section 1983. *See Pennsylvania Workers' Compensation Judges Professional Association*, 39 A.3d at 493. Furthermore, Murphy fails to plead any facts with particularity that these individuals were "personally involved" in any alleged wrongdoing or actionable conduct of which Murphy complains. Murphy does not allege that the individual Respondents had any personal knowledge of, or acquiesced in, the transmission of his UC benefits.

To the extent Murphy challenges UC policies, the enactment or administration of a statute and/or policy that is generally applicable, even if the statute and/or policy is arguably ineffective or flawed, does not constitute actionable conduct necessary to support a Section 1983 claim. *See Crawford v. Commonwealth*, __ A.3d __, __ (Pa. Cmwlth., No. 562 M.D. 2020, filed May 27, 2022), slip op. at 25. "This is because such laws are inherently directed at the public in general and not at any specific individual . . . ." *Id.* at 26. Consequently, Murphy has failed to state a legally valid Section 1983 claim against the individual Respondents.

With regard to the corporate Respondents, GSI and IBM, Murphy states that these private entities are "state actors" with "substantial involvement" in "management and control over the Pennsylvania unemployment system." *See* Amended PFR, ¶¶27, 29, Exhibit A. However, Murphy does not allege what

8

traditional state functions GSI and IBM perform in the administration of Pennsylvania's UC program.[3]  The Amended PFR is void of any facts necessary to support the conclusion that IBM and GSI are state actors operating under the color of law.  Murphy does not identify any corporate employees nor allege how these corporations were personally involved in, had actual knowledge of, and/or acquiesced in the conduct of which he complains.  Thus, Murphy has failed to state a Section 1983 claim against the corporate respondents, GSI and IBM.

## IV. Conclusion

For these reasons, we sustain Respondents' demurrers as to the legal insufficiency of the Amended PFR and, therefore, dismiss Murphy's Amended PFR.[4]

_____
MICHAEL H. WOJCIK, Judge

Judge Wallace did not participate in the decision of this case.

---

[3] According to Exhibit A of the Amended PFR, which appears to be promotional materials directed toward government agencies in general, IBM offers cloud platforms and digital technology services and GSI offers UC benefit delivery services and unemployment insurance. *See* Amended PFR, Exhibit A.  However, Murphy makes no allegations as to what services either of these corporations perform for the Commonwealth of Pennsylvania in the UC process.

[4] In light of this disposition, we do not address Respondents' remaining POs.

9

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Craig D. Murphy,                          :
                                          :
                    Petitioner            :
                                          :
          v.                              :  No. 235 M.D. 2021
                                          :
Secretary of the Department of            :
Labor and Industry, Secretary of          :
the Treasury, Stacy Garrity, Jeffrey      :
Olesiak, Susan Dickinson, Jennifer        :
Berrier, IBM, and Geographic              :
Solutions Inc.,                           :
                                          :
                    Respondents           :


**O R D E R**


        AND NOW, this 23rd day of August, 2022, Respondents' preliminary objections in the nature of demurrers are SUSTAINED, and Petitioner's Amended Petition for Review is DISMISSED with prejudice.


                                    _____
                                    MICHAEL H. WOJCIK, Judge